# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTA R. FIELDS | § | |
| | § | |
| V. | § | CASE NO. 4:06cv2 |
| | § | (Judge Schell/Judge Bush) |
| Commissioner of Social | § | |
| Security Administration | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be reversed and remanded.

## HISTORY OF THE CASE

Plaintiff originally filed an application for disability and disability insurance benefits under Title II of the Social Security Act on May 23, 2003, which was denied initially by Notice dated August 28, 2002, and again by Notice of Reconsideration dated October 30, 2002. Plaintiff timely filed a request for hearing, upon which a *de novo* administrative hearing was conducted in Dallas, Texas on August 10, 2004, before Administrative Law Judge ("ALJ") Daniel Curran. Present and testifying at the hearing were Plaintiff, who appeared with her attorney Catherine Coats, and Evelyn Hartman, who was called by the ALJ to testify as a vocational expert ("VE"). The ALJ

1

subsequently issued a Notice of Decision--Unfavorable, on September 22, 2004, finding Plaintiff was "not disabled."  Plaintiff requested Appeals Council review on September 27, 2004, which was denied by Notice dated November 2, 2005.  Having exhausted her administrative remedies, Plaintiff timely commenced the present action seeking judicial review of the administrative proceeding pursuant to 42 U.S.C. § 405(g).

### ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the following findings:

1. Claimant met the disability insured status requirements of the Act on April 8, 2002, her alleged onset date, and continued to meet it through September 31, 2006.

2. Claimant has not engaged in substantial gainful activity since her alleged onset date of April 8, 2002.

3. The medical record presents evidence of hypothyroidism, lumbar spine pain with radiation down into the right lower extremity, moderate pain, hypertension, major depression, irritable bowel syndrome, and weakness/restricted range of motion of left shoulder and left hand which are severe conditions within the constraints of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) and SSR 96-3p.  Mental retardation is not a medically determinable condition.

4. Claimant's conditions singly nor in combination, neither meet nor equal the criteria for any impairment set forth in 20 C.F.R., Appendix 1, Subpart P Regulations No. 4.  Specifically, Listings 1.02 Major Dysfunction of a Joint, 1.04 Disorders of the Spine, 1.08 Soft Tissue Injury, 4.03 Hypertensive Cardiovascular Disease, 9.02 Thyroid Disorders, and 12.04 Affective Disorders, are not met.

5. Claimant's assertions relative to symptomatology, pain, functional limitations, and restrictions on activities of daily living are exaggerated, are found to lack corroboration and substantiation in the medical evidence, and are not credited.

>    Claimant retains the following functional capacity:
>    Ms. Fields is a younger individual with a limited education. She can lift/carry up to twenty pounds occasionally and ten pounds frequently. She can stand and/or walk about six hours out of an eight hour workday and sit for about six hours out of an eight hour workday. Ms. Fields can push/pull ten pounds. She can frequently engage in activities requiring climbing of ramps/stairs/ladders/ropes & scaffolds: balancing, kneeling, and crawling. Ms. Fields can occasionally engage in activities requiring stooping and crouching. She has moderate impairment in the use of upper extremities. She has no visual, communicative, or environmental restrictions. Ms. Fields worked very slowly with her hands and would not do well in settings that stressed speed and production. Ms. Fields would not be capable of performing work adequately that involved a long series of detailed steps. Ms. Fields could read and follow simple written instructions. Ms. Fields would function best in a routine, organized setting. Ms. Fields had slight restriction in interacting with co-workers. Ms. Fields had moderate restrictions in capacity to interact appropriately with the public, interact appropriately with supervisor(s), respond appropriately to changes in work setting and work pressures. Ms. Fields had moderate restrictions in capacity to comprehend and remember short, simple instructions, carry out short, simple instructions, and make judgments on simple work-related decisions. Ms. Fields had marked restrictions in her capacity to comprehend and remember detailed instructions and carry out detailed instructions.
>
> 6.  Claimant is 42 years of age with a tenth grade education and past relevant work as a nursing assistant.
>
> 7.  Claimant's restrictions do prevent her from performing her past relevant work as a nursing assistant.
>
> 8.  Claimant is capable of performing work activity, which I deem existing in significant numbers through the national and statewide economy.
>
> 9.  Claimant has not been under a "disability" as defined by the Social Security Act at any time through the date of this decision.

(TR 28-29).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings, *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1983), and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir. 1981); *see* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Chaney v. Califano*, 588 F.2d 958, 959, (5th Cir. 1979), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

To establish disability, Plaintiff must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. Plaintiff must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382(a)(3).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who at the time of his disability claim is engaged in substantial gainful

employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

## STATEMENT OF FACTS

Plaintiff, Christa Rhealynn Donihoo Fields, was born on March 24, 1962. She was 40 years old on April 8, 2002, her alleged onset date of disability, and was considered a "younger individual" throughout the period under consideration in her disability claim. She attended school in a special education curriculum through the ninth grade, but dropped out during her tenth grade year. Despite her formal schooling, a Wide Range Achievement Test-3 ("WRAT-3") administered by Ronald Anderson, Ph.D., in February 2004, revealed that Ms. Fields only reads and performs math at the fourth grade level and spells at a fifth grade level. Ms. Fields worked for six years as a nurse's aid in a hospital setting, but there is no evidence that she attended classroom training or passed a licensing examination in such occupation.

During the relevant 15-year period preceding the ALJ's decision, Ms. Fields also worked as a home health care provider in private residences. It is undisputed that the claimant has not performed substantial gainful work activity since her alleged disability onset date in April 2002 and cannot perform any of her past work.

The ALJ ruled at Step 2 of the sequential evaluation of disability that Ms. Fields suffers from "severe" physical impairments including hypothyroidism, lumbar spine pain radiating into the right lower extremely, moderate pain, hypertension, irritable bowel syndrome, and weakness/restricted range of motion of the left shoulder and left hand. He ruled at Step 4 that due to such impairments, Ms. Fields is physically limited to lifting 20 pounds occasionally and 10 pounds frequently and to stooping and crouching only occasionally. The ALJ also held that Ms. Fields has a "moderate impairment in use of the upper extremities;" works very slowly with her hands; and cannot perform well in work settings stressing speed and production. Plaintiff does not contest the ALJ's finding of Ms. Field's physical residual functional capacity ("RFC").

The ALJ further ruled at Step 2 that Ms. Fields suffers from one "severe" mental impairment: major depression. At Step 4, he held that mentally, Ms. Fields is "markedly limited" in (1) understanding, remembering, and carrying out short and simple instructions; (2) making judgments on simple work-related decisions; (3) interacting appropriately with the public and supervisors; and (4) responding appropriately to work pressures and changes in a routine work setting.

At Step 5, the ALJ relied on testimony from the VE to find that, despite Ms.

Field's physical and mental limitations, she still can perform two occupations: garment bagger and printing production assistant. Although the number of jobs in such occupations are diminished because Ms. Fields can only work very slowly with her hands, the ALJ found the number "significant" and ruled Ms. Fields "not disabled."

## ANALYSIS

Plaintiff raises three issues on appeal: (1) The hypothetical question posed by the ALJ did not incorporate all the limitations included in his residual functional capacity finding; (2) The ALJ's Step 3 finding that Ms. Field's depressive disorder, either singly or in combination with her severe impairments, is not " medically equivalent" to the criteria of Listing 12.04 is not supported by the opinion of a state agency medical consultant or other physician designated by the Commissioner, as required by Social Security Ruling 96-6p; and (3) The ALJ's finding that Ms. Field's IQ scores do not demonstrate a medically determinable "severe" impairment as contemplated by *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), is erroneous as a matter of law, according to Social Security Ruling 85-16.

The Court is unable to determine what hypothetical was addressed to the V.E. The record is at best incomplete and confusing. The Court does not have the time to fill in the blanks. The ALJ' s questioning of the VE is no model of clarity. In addition, it appears that the report of Plaintiff' s treating physician, Dr. Schrank, was never discussed. This should have been discussed in that it was a part of the record. Accordingly, the Court recommends that the case be remanded for discussion of the noted treating physician' s testimony and that the VE specifically discuss all mental

7

and physical restrictions in his hypothetical.

### **RECOMMENDATION**

Pursuant to the foregoing, it is RECOMMENDED that the decision of the Administrative Law Judge be reversed and remanded in accordance with this report.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 24th day of April, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE